**Surinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71617.

Agency No. A77–374–732.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

192

Earle A. Sylva, George T. Heridis, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Stephen J. Flynn, Arthur L. Rabin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Surinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, grant the petition for review in part, and remand for further proceedings.

The BIA erred in concluding that Kaur "failed to establish past persecution ... based on one of the protected grounds." Kaur testified credibly that she was raped during one of her detentions by the Indian police. "Rape can support a finding of persecution, but a petitioner alleging persecution must present some evidence, direct or circumstantial, of the persecutor's motive. The motive requirement is satisfied by evidence that political opinion was imputed to the petitioner." *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir.2004) (quotation marks and internal citation omitted). Our inquiry focuses on whether the rapist's motivation was at least in part on account of a protected ground. *See Shoafera v. INS*, 228 F.3d 1070, 1075–76 (9th Cir.2000).

Kaur's testimony included a description of being summoned to a police inspector's room after she was arrested as a result of her husband's political activism. The inspector, who had earlier in the day harangued Kaur about politics while touching her sexually, "started talking badly about the Sikh religion and about my husband and I told him that one should not talk badly about any religion." Kaur was then raped.

Kaur's credible testimony is sufficient to meet the evidentiary requirement that her persecution be partially on account of imputed political opinion. *See Kebede*, 366 F.3d at 812 (IJ must not ignore evidence that persecutors "linked their assault on

[petitioner]" with a protected ground). We held in *Lopez–Galarza v. INS,* 99 F.3d 954 (9th Cir.1996), that "[r]ape at the hands of government authorities while imprisoned on account of one's political views" can "create a strong inference ... that this abuse was premised on ... perceived political opposition." *Id.* at 962, 960. Here, we conclude that Kaur was "singled out for her suspected political beliefs" by the police who arrested, mistreated, and raped her. *See id.* at 960.

The record therefore compels a finding of past persecution on account of imputed political opinion, and a consequent presumption of Kaur's well-founded fear of persecution. *See Korablina v. INS,* 158 F.3d 1038, 1043 (9th Cir.1998). We remand for the BIA to reconsider Kaur's eligibility for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Kaur is not entitled to CAT relief, however, because she did not show that it is more likely than not that she would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; REMANDED.**